IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| USMAN AMIR<br>45 Walden Mill Way<br>Catonsville, MD 21228,<br><br>Plaintiff,<br><br>Vs.<br><br>ICA ENTERPRISES, LLC<br>d/b/a CHOPAAN KABAB HOUSE<br>6300 Woodside Court<br>Columbia, MD 21046,<br><br>And<br><br>ELIZABETH COLE IMANI<br>3323 Rollingwood Drive<br>Woodbridge, VA 22192,<br><br>And<br><br>MOHAMMAD IMANI<br>3323 Rollingwood Drive<br>Woodbridge, VA 22192<br><br>Defendants. | Case No.: 21-cv-000265 |

## COMPLAINT

Plaintiff Usman Amir herein submits this Complaint against ICA Enterprises, LLC, Elizabeth Cole Imani, and Mohammad Imani alleging violation of the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law. In support thereof, Plaintiff states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland residing at 45 Walden Mill Way, Catonsville, MD 21228.

2. Defendant ICA Enterprises, LLC is an LLC formed under the laws of the State of Maryland with its principal place of business listed as 6300 Woodside Court, Columbia, MD 21046 on the Maryland's Stated Department of Assessments and Taxation's website.

3. Defendant Elizabeth Cole Imani is an adult resident of the Commonwealth of Virginia whose residence is located at 3323 Rollingwood Drive, Woodbridge, VA 22192.

4. Defendant Mohammad Imani is an adult resident of the Commonwealth of Virginia whose residence is located at 3323 Rollingwood Drive, Woodbridge, VA 22192.

5. Defendant Elizabeth Cole Imani is ½ owner of Defendant ICA Enterprises LLC and controlled all expenses and managed Plaintiff's conduct in the running of the restaurant owned by ICA Enterprises, LLC.

6. Defendant Mohammad Imani is ½ owner of Defendant ICA Enterprises LLC, and controlled all expenses and managed Plaintiff's conduct in the running of the restaurant owned by ICA Enterprises, LLC.

7. All actions giving rise of the claims brought in this complaint occurred in the State of Maryland.

8. At all times material herein, Defendants had annual gross volume of sales made or business done in amount exceeding $500,000.00.

9. At all times material herein, Defendants sold food and beverages that passed in interstate commerce and were otherwise engaged in commerce within the meaning of §3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

10. At all times relevant herein, Defendants qualified as an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. § 203(r)).

11. At all times relevant herein, Plaintiff handled and participated in selling food and beverages that crossed state lines and was engaged in commerce as required by 29 U.S.C. §§ 206-207.

12. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA (29 U.S.C. §216(b) and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

14. Plaintiff became a member of the Defendant LLC.

15. Plaintiff was enticed to become a member of the LLC with a promise of partial ownership of the LLC.

16. Plaintiff was never provided any ownership of the Defendant LLC.

17. Plaintiff received no share of the profits of the Defendant LLC.

18. Plaintiff did not contribute towards the Defendant LLC's losses.

19. Plaintiff was employed by Defendants to build and run a restaurant owned by the Defendant LLC.

20. Plaintiff worked seven days a week for Defendants, 10-12 hours a day from January 1, 2019 until August 1, 2019, to run the restaurant for Defendants.

21. From April 1, 2017, until January 1, 2019, Plaintiff worked 30 hours a week for Defendants to build a restaurant for Defendants.

22. All major decisions including expenditures, decorations, menu, and other management decisions had to be approved of by the owners of the LLC, Defendants Elizabeth Cole Imani, and Mohammad Imani.

23. Defendants Elizabeth Cole Imani, and Mohammad Imani had to approve all management decisions of Plaintiff.

24. Plaintiff did not receive any wages at any time for any work performed for Defendants.

25. Defendants knew or should have known that if Defendants employed someone to provide services, that the person employed should receive at least minimum wage.

26. Defendants chose not to pay wages to Plaintiff.

27. Because Plaintiff was not paid any wages, there is no exemption from overtime wages permitted under the FLSA, Maryland Wage and Hour Law, or the Maryland Wage Payment and Collection Law.

28. In the three years proceeding the filing of this Complaint, Plaintiff worked 84 weeks for Defendants with no wages paid.

29. The minimum wage for 60 of those weeks was $10.10 per hour.

30. The minimum wage for 24 of those weeks was $9.25 per hour.

31. The overtime rate for 60 of those weeks was $15.15.

32. The wages owed to Plaintiff for the 24 weeks between February 2, 2018, and July 1, 2018, are (30 hours x $9.25) = $277.50 per week.

33. The total wages owed for those 24 weeks is $6,666.00.

34. The wages owed to Plaintiff for the 28 weeks between July1, 2018, until January 1, 2019, are (30 hours x $10.10) = $303.00 per week

35. The total wages owed for those 28 weeks is $8,484.00.

36. The wages owed for the 32 weeks between January 1, 2019, to August 1, 2019, are (40 hours x 10.10) + (37 x 15.15) = $964.55 per week.

37. The total wages for those 32 weeks is $30,865.60.

38. The total wages owed Plaintiff based on these numbers is $46,015.60.

## COUNT 1
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff herein realleges and re-incorporates paragraphs 1-39 as if fully set forth herein.

40. Defendants, as employers of Plaintiff, was obligated to pay Plaintiff for all hours worked and for overtime wages for hours worked in excess of 40 hours each week.

41. Defendants did not pay Plaintiff for any hours worked.

42. Defendants did not pay overtime wages to Plaintiff.

43. Defendants failure to pay compensation to Plaintiff was willful, intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of $46,015.60, plus an equal amount of liquidated damages in the amount of $46,015.60, interest (both pre- and post-judgment), attorneys' fees, and costs of this action, and any other relief this Court deems appropriate.

## COUNT 2
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

44. Plaintiff re-alleges and reasserts each allegation above as if fully set forth herein.

45. Defendants, as employers of Plaintiff, were obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Maryland Minimum Wage.

5

46. Defendants failed to compensate Plaintiff for all hours worked and failed to compensate Plaintiff with overtime wages for any hours worked above 40 in each work week.

47. At all times, Defendants had actual knowledge that Plaintiff was not being paid for all hours worked and was not receiving overtime wages.

48. Defendants' failure to compensate Plaintiff in accordance with the law as required by the MWHL was willful, intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of $46,015.60, plus an equal amount of liquidated damages in the amount of $46,015.60, interest (both pre- and post-judgment), attorneys' fees, and costs of this action, and any other relief this Court deems appropriate.

## COUNT 3
## VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

49. Plaintiff re-alleges and reasserts each allegation above as if fully set forth herein.

50. Without legal excuse or justification, Defendants withheld and failed to pay Plaintiff all wages due for work duties performed as described above.

51. Defendants withheld and failed to timely pay all wages promised and due to Plaintiff without permission and without any other justification recognized or otherwise allowed by the MWPCL.

52. Defendants' unlawful and unauthorized withholding of wages belonging to Plaintiff constitutes a failure by Defendants to pay Plaintiff all wages due on time as required for work performed as mandated by the MWPCL.

53. Defendants' failure to pay Plaintiff for unpaid wages was willful intentional, and not the result of any *bona fide* dispute, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of $46,015.60, plus treble damages in the amount of $92,031.20, interest (both pre- and post-judgment), attorneys' fees, and costs of this action, and any other relief this Court deems appropriate.

        Respectfully submitted,

        /s/

        Ken C. Gauvey (28464)
        Law Practice of Ken C Gauvey
        7508 Eastern Avenue
        Baltimore, MD 21224
        410.282.2700
        kgauvey@gauveylaw.com

## **JURY DEMAND**

Plaintiff herein demands a jury trial on all matters.

        /s/
        Ken C. Gauvey